IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIRGINIA GODEK, an individual, ) <br> ) <br> Plaintiff. ) <br> ) <br> v. ) <br> ) <br> ILLINOIS DEPARTMENT OF INSURANCE, ) <br> ) <br> Defendant. ) | Case No. 1:16-cv-4993 |

**COMPLAINT**

NOW COMES the Plaintiff, VIRGINIA GODEK ("Godek"), an individual, by and through her attorneys, Lavelle Law, Ltd., and for her Complaint against the Defendant, ILLINOIS DEPARTMENT OF INSURANCE ("IDOI") or ("Defendant"), states and alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e-2 et seq., the Equal Pay Act, 29 U.S.C. § 206(d), and the Illinois Equal Pay Act of 2003, 802 ILCS 112/1 et seq.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 42 U.S.C. § 2000e-5.

3. This Court has supplemental jurisdiction over Godek's state law claims pursuant to 28 U.S.C. § 1367 because they are substantially related to Godek's federal claims.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

5. Godek is a female, and a resident and citizen of the State of Illinois.

6. IDOI is a state agency located within the State of Illinois.

7. IDOI is engaged in an industry affecting commerce, administering and enforcing laws and regulations relating to the Illinois Insurance Code and Illinois Pension Code.

8. IDOI and has more than fifteen employees for each working day in each of the twenty weeks in the current year.

## ADMINISTRATIVE PROCEDURE

9. On or about August 5, 2014, Godek filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging sex and equal pay discrimination under Title VII of the Civil Rights Act and pursuant to the Equal Pay Act.

10. Godek received her Right-to-Sue letter from the EEOC relating to those charges on February 6, 2016. *See Right-to-Sue letter, attached hereto as Exhibit A*.

11. Godek files this Complaint within ninety (90) days of her receipt of the Right-to-Sue letter from the EEOC.

12. Godek has exhausted her state and federal administrative remedies, and is timely filing this suit.

## FACTS

13. On or about June 15, 1985, Godek began her employment with IDOI.

14. Godek is presently employed in a non-union position as the Assistant Chief Examiner for IDOI, with the CMS title of Senior Public Service Administrator (SPSA), and has been employed in this position since 1998.

15. Godek's principal duties consist of providing support to the Chief Financial Examiner and supervising examiners-in-charge.

16. Godek received minor pay increases in the years of 2006, 2007, 2008, and 2009, which amount to approximately $100 per month.

17. Godek's salary has remained largely unchanged since 2009.

18. Godek received exceptional overall performance ratings, the highest rating an employee can receive, on her State of Illinois Merit Compensation and Performance Evaluations for the years of 2011-2012, 2012-2013, and 2013-1014.

19. In 2013, Godek's monthly salary was $6,873.28.

20. In 2013, an opening became available at IDOI for the position of SPSA.

21. While this position was the same position in which Godek was employed, it offered a greater salary.

22. Godek applied for the position of SPSA.

23. During her interview for the open SPSA position, IDOI relayed that there would be no pay increase to Godek in this position as the IDOI considered it a lateral move.

24. In April, 2014, IDOI offered the open SPSA position Godek had applied for to a male employee, Patrick Hyde ("Hyde").

25. In taking the SPSA position, Hyde transitioned from a position one level lower than Godek's.

26. Hyde's 2013 monthly salary, which was one grade lower than Godek's, was $7,864.33.

27. When Hyde took the open SPSA position, Hyde received a salary of approximately 25% more than Godek and his monthly salary increased from $7,864.33 to $9,022.00.

28. On or around July, 2014, another SPSA position became available, and IDOI offered the position to a male employee, Jesse Alonzo ("Alonzo").

29. In accepting the open SPSA position, Alonzo transitioned from a position one level lower than Godek's.

30. Alonzo's 2013 monthly salary, which was one grade lower than Godek's, was 7,922.58.

31. When Alonzo took the open SPA position, Alonzo receive a salary of approximately 25% more than Godek and his monthly salary increased from $7,922.83 to $8,999.00.

32. In 2015, Alonzo received a monthly salary of $8,999.00.

33. In 2015, Godek received a monthly salary of $6,809.00.

34. Godek has more experience, designations, and years of on-the-job- experience than either Hyde or Alonzo.

35. In June 2014, July 2014 and August 2015, Godek made requests to her supervisor for an increase in her salary but her salary was not increased.

## COUNT I
## WAGE DISCRIMINATION UNDER THE EQUAL PAY ACT 29 U.S.C. § 206(d)(1)

36. Plaintiff realleges and asserts her allegations contained in Paragraphs 1- 35 above as this Paragraph 36.

37. During her employ at IDOI, Godek has been paid wages substantially less than male employees in positions similar to that of Godek.

38. During her employ at IDOI, Godek has been paid wages substantially less than employees who held the same position as Godek.

39. Godek's experience and training at the IDOI is substantially the same or superior to males who hold the same or similar positions.

40. The work Godek performs and skill and responsibility required of her in her position of SPSA is substantially the same or greater than the work performed and the skill and responsibility required of males, who receive substantially greater salaries than Godek.

41. Godek and the higher paid males work in similar working conditions.

42. IDOI's failure to pay Godek a substantially similar salary to males, and in fact, a considerably lower salary than similarly situated males, violates the Equal Pay Act, 29 U.S.C. § 206(d)(1).

43. As a proximate cause of IDOI's actions, Godek has suffered damages.

WHEREFORE, Plaintiff, VIRGINIA GODEK, respectfully prays that this Honorable Court enter judgment in favor of Plaintiff VIRGINIA GODEK, and against Defendant, ILLINOIS DEPARTMENT OF INSURANCE, including back pay wage differential between wages and benefits paid to males performing equal work for two years, with prejudgment and post judgment interest thereon, liquidated damages, and attorneys' fees and costs.

## COUNT II
## WAGE DISCRIMINATION UNDER THE ILLINOIS EQUAL PAY ACT OF 2003

44. Plaintiff realleges and asserts her allegations contained in Paragraphs 1- 35 above as this Paragraph 44.

45. During her employ at IDOI, Godek has been paid wages substantially less than male employees in positions similar to that of Godek.

46. During her employ at IDOI, Godek has been paid wages substantially less than employees who held the same position as Godek.

47. Godek's experience and training at the IDOI is substantially the same or superior to males who hold the same or similar position.

48. The work Godek performs and skill and responsibility required of her in her position of SPSA is substantially the same or greater than the work performed and the skill and responsibility required of males, who receive substantially greater salaries than Godek.

49. Godek and the higher paid males work in similar working conditions.

50. IDOI's failure to pay Godek a substantially similar salary to males, and in fact, a considerably lower salary than similarly situated males, violates the Illinois Equal Pay Act of 2003.

51. As a proximate cause of IDOI's actions, Godek has suffered damages.

WHEREFORE, Plaintiff, VIRGINIA GODEK, respectfully prays that this Honorable Court enter judgment in favor of Plaintiff VIRGINIA GODEK, and against Defendant, ILLINOIS DEPARTMENT OF INSURANCE, including back pay wage differential between wages and benefits paid to males performing equal work, with prejudgment and post judgment interest thereon, and attorneys' fees and costs.

## COUNT III
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

51. Plaintiff realleges and asserts the allegations contained in Paragraphs 1 through 35 above as this Paragraph 51.

52. Godek, a female employee, is a member of a protected class.

53. Godek, has at all times performed her position at IDOI satisfactorily, and in fact, exceptionally.

54. Godek has suffered adverse employment action through IDOI's issuance of payment to Godek which is substantially lower than males performing similar positions to Godek.

55. Due to Godek's gender, IDOI has treated Godek less favorably than similarly situated male employees by paying Godek substantially less than male employees.

56. IDOI's actions relating to payment of Godek are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq.

57. As a proximate cause of IDOI's actions, Godek has suffered monetary and nonpecuniary damages, including but not limited to differential in salary, emotional pain and mental anguish.

WHEREFORE, Plaintiff, VIRGINIA GODEK, respectfully prays that this Honorable Court enter judgment in favor of Plaintiff VIRGINIA GODEK, and against Defendant, ILLINOIS DEPARTMENT OF INSURANCE, including back pay wage differential between wages and benefits paid to males doing equal work for two years, with prejudgment and post judgment interest thereon, front pay in the differential between wages and benefits paid to males doing equal work, compensatory damages, and attorneys' fees and costs.

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.

Respectfully submitted,
Virginia Godek,

/s/ Lance C. Ziebell
One of Her Attorneys

Lance C. Ziebell 6298037
Heidi A. Kuffel 6313935
LAVELLE LAW, LTD.
501 W. Colfax St.
Palatine, Illinois 60067
Phone: 847-705-7555
lziebell@lavellelaw.com
hkuffel@lavellelaw.com